# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Mark C. Jorgensen,

|                           |                            |
|---------------------------|----------------------------|
| Plaintiff,                | Civ. No. 16-449 (RHK/KMM)  |
| v.                        | **ORDER**                  |

Accounts Receivable Services, LLC,

Defendant.

---

Plaintiff Mark Jorgensen commenced this action after Defendant Accounts Receivable Services, LLC ("ARS") sued him in state court to collect an allegedly past-due medical debt. Jorgensen alleges that ARS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., by falsely asserting he was liable on an "account stated." Presently before the Court are the parties' cross-Motions for Summary Judgment. For the reasons set forth below, the Court will grant ARS's Motion and deny Jorgensen's Motion.

The following facts are undisputed. On October 5, 2015, ARS sued Jorgensen in Anoka County, Minnesota conciliation court. There it alleged, in relevant part:

> [Jorgensen] owe[s] [ARS] . . . because: Allina Health System provided medical services to [Jorgensen] on various dates . . . The costs for medical services rendered was $1,487.50. Allina Health System sold and assigned [Jorgensen's] Accounts Receivable to [ARS].

> [Jorgensen is] liable to [ARS] on an account stated, for medical services rendered, in the amount of $1,859.30. Included in the above account stated amount is interest of $371.80 assessed to today's date . . . as allowed by Minnesota [law].

(Answer Ex. A.)  Jorgensen appeared in conciliation court and, ultimately, ARS

voluntarily dismissed its lawsuit.  Jorgensen then commenced this action; against this

factual backdrop, the parties cross-move for summary judgment.[1]

The FDCPA prohibits debt collectors from using a "false, deceptive, or misleading

representation" while attempting to collect a debt, including a false representation of "the

character, amount, or legal status of any debt."  15 U.S.C. § 1692e.  Jorgensen argues

ARS ran afoul of this proscription by alleging an "account stated," a legal doctrine

addressing the formation of an implied contract to pay a debt.  Where a debt purportedly

exists, and "one side proffers a 'statement' of an account between the parties, the other

side's retention of it without objection for an unreasonable amount of time constitutes

prima facie evidence of the accuracy of the account that has been set forth."  Egge v.

Healthspan Servs. Co., Civ. No. 00-934, 2001 WL 881720, at *2 (D. Minn. July 30,

2001) (Montgomery, J.) (citing Erickson v. Gen. United Life Ins. Co., 256 N.W.2d 255,

259 (Minn. 1977) (internal citations omitted)).  Once established, an account stated

---

[1] Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).  The movant bears the burden of showing that the material facts are undisputed.  Johnson v. Wheeling Mach. Prod., 779 F.3d 514, 517 (8th Cir. 2015).  The Court must view the evidence, and the inferences that may be reasonably drawn from it, in a light most favorable to the nonmoving party.  Ryan v. Armstrong, 850 F.3d 419, 424 (8th Cir. 2017).  The nonmoving party must show through admissible evidence that specific facts exist creating a genuine issue for trial; mere allegations or denials are insufficient.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Where the Court confronts cross-motions for summary judgment, this approach is slightly modified.  When considering Jorgensen's Motion, the Court views the record in the light most favorable to ARS and, when considering ARS's Motion, the Court views the record in the light most favorable to Jorgensen.  "Either way, summary judgment is proper if the record demonstrates that there is no genuine issue as to any material fact."  Seaworth v. Messerli, Civ. No. 09-3437, 2010 WL 3613821, at *3 (D. Minn. Sept. 7, 2010) (Kyle, J.), aff'd, 414 F. App'x 882 (8th Cir. 2011).

"constitute[s] a promise to pay whatever balance is thus acknowledged to be due."
Meagher v. Kavli, 88 N.W.2d 871, 879 (Minn. 1958).

Here, ARS contends it sent Jorgensen billing statements reflecting a balance due of $1,487.50 and that it "merely added" prejudgment interest of $371.80 to that amount "[f]or the convenience of the conciliation court." (Def.'s Mem. in Opp'n 5.) But, as quoted above, ARS's state-court complaint averred in no uncertain terms that Jorgensen was liable *on an account stated* for $1,859.30. It is undisputed that ARS never sent Jorgensen a statement reflecting *that* amount and, hence, its representation was false.

That said, not every falsity gives rise to FDCPA liability. To be actionable, a misrepresentation must also be *material*. Powers v. Credit Mgmt. Servs., Inc., 776 F.3d 567, 571 (8th Cir. 2015). A misrepresentation is material if it "frustrate[s] the consumer's ability to intelligently choose his or her response" to the creditor. Salaimeh v. Messerli & Kramer, P.A., Civ. No. 13-3201, 2014 WL 6684970, at *3 (D. Minn. Nov. 25, 2014) (Doty, J.) (citations omitted). The Court must analyze materiality through the lens of the unsophisticated consumer, a standard "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." Duffy v. Landberg, 215 F.3d 871, 874–75 (8th Cir. 2000) (citations and quotations omitted). Thus, while the standard protects even the "uninformed or naive consumer," it also incorporates "an objective element of reasonableness which ensures that debt collectors remain free from liability for peculiar interpretations of [statements]." Adams v. J.C. Christensen & Assocs., Inc., 777 F. Supp. 2d 1193, 1195–96 (D. Minn. 2011) (citing Strand v. Diversified Collection Serv., Inc.,

380 F.3d 316, 317 (8th Cir. 2004) (internal citations and quotations omitted)).  As the

Seventh Circuit has explained:

> [§ 1692e] is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). . . . If a statement would not mislead the unsophisticated consumer, it does not violate the [FDCPA]—even if it is false in some technical sense.

Hahn v. Triumph P'ships, LLC, 557 F.3d 755, 757–58 (7th Cir. 2009) (cited with

approval in Powers, 776 F.3d at 571); see also McIvor v. Credit Control Servs., Inc., 773

F.3d 909, 913 (8th Cir. 2014) ("Even a literally false statement does not violate § 1692e

if it would not mislead the recipient.").

Here, Jorgensen asserts that he found ARS's state-court complaint misleading

because he "never received any account statement from Allina or [ARS] . . . so [he] could

not understand why that was listed as . . . an account stated."  (Jorgensen Decl. ¶ 7.)  As a

result, "[r]ather than simply placing a call to [ARS] and explaining that [he] did not owe

any money, [he] appeared for the hearing in Anoka County with counsel."  (Id. ¶ 9.)  It is

difficult to perceive exactly how his decision to appear at the hearing (rather than call

ARS) flowed from ARS's invocation of the term "account stated."  After all, he was

*summoned* to conciliation court.  In any event, the Court need not linger on this point, as

materiality is analyzed objectively, e.g., Adams, 777 F. Supp. 2d at 1195–96, and hence

Jorgensen's subjective confusion is not dispositive.

In the Court's view, ARS's use of the words "account stated" in this context is not

material as a matter of law.  ARS's state-court pleading set forth the cost of medical

services Jorgensen allegedly received ($1,487.50) and the amount of prejudgment interest

ARS sought ($371.80). This breakdown does not remedy the falsity, but it clearly

informed Jorgensen (or any other person who might have reviewed it) of the precise

components of the alleged debt, and it equipped him to respond intelligently. Under

these circumstances, it is fair to classify Jorgensen's view that the words "account stated"

mandated his appearance in court as "peculiar."[2] Considered objectively, the presence of

the words "account stated"—a legal term of art—is not misleading to the unsophisticated

consumer when combined with a breakdown of the amount allegedly owed. Indeed, had

ARS omitted the words "account stated," in the Court's view, the objective,

unsophisticated consumer would have responded in the same way, and no FDCPA claim

would lie.

Accordingly, and based upon all the files, records, and proceedings herein, **IT IS**

**ORDERED** that ARS's Motion for Summary Judgment (Doc. No. 37) is **GRANTED**,

Jorgensen's Motion for Summary Judgment on Liability (Doc. No. 41) is **DENIED**, and

his Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Date: April 26, 2017                                  s/Richard H. Kyle
                                                      RICHARD H. KYLE
                                                      United States District Judge

---

[2] He further averred that he "believed ARS was claiming that [he] had been billed $1,859.30 for medical services, not that [he] had been billed some lesser amount . . . with interest added on later." (Jorgensen Decl. ¶ 8.) But ARS's state-court complaint explicitly broke down the amounts for medical services and interest and plainly alleged that "[t]he cost for medical services rendered was $1,487.50." (Answer Ex. A.)